IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **APEX OIL COMPANY** | * | **CIVIL ACTION NO: 6:22-cv-473** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **STARR INDEMNITY & LIABILITY COMPANY** | * | **JURY TRIAL DEMANDED** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Apex Oil Company (hereinafter referred to as "Apex"), a foreign corporation licensed to do and doing business in the State of Louisiana. Apex is incorporated in Missouri with its principal place of business in Missouri. Apex respectfully represents, as follows:

## PARTIES

1.

Made Defendant herein is:

a. Starr Indemnity & Liability Company, upon information and belief, a Texas corporation with its principal place of business in New York, licensed to do and doing business in the State of Louisiana, Parish of St. Mary.

## JURISDICTION AND VENUE

2.

This Court has subject-matter jurisdiction over the claims asserted in this matter pursuant to diversity jurisdiction under 28 U.S.C. §1332(a). The amount in controversy, exclusive of fees and costs, exceeds $75,000 and complete diversity of citizenship exists between the parties.

3.

This Court has personal jurisdiction over Starr because Starr transacted business within Louisiana by selling or providing a policy of commercial marine liability insurance to Apex.

4.

Venue is proper in Western District under 28 U.S.C. §1391(b) (2) because a substantial part of the events giving rise to the claims occurred in St. Mary Parish at Birla Carbon USA's facility in Centerville, Louisiana.

## CAUSE OF ACTION

5.

In December of 2019, Apex shipped two barge loads of Carbon Black Oil to its longtime customer Birla Carbons USA. After the cargo was unloaded into storage tanks at Birla's facility, it was discovered that the barges' previous cargo contained high levels of potassium. The barges had not been properly cleaned to remove this contaminant before they were loaded with Apex's product.

6.

As a result, the potassium contaminated and damaged Apex's product. When that product was delivered to the Birla facility in Louisiana, Apex's now contaminated product mixed with product that was already in Birla's possession. Both the tainted cargo and Birla's existing stock were thus contaminated with potassium and had to be removed from the Birla plant at a significant expense to Apex.

7.

Starr Indemnity & Liability Company issued Commercial Marine Liability Policy No. MASILCH00009619 to Apex Oil Company, Inc. for the policy period from October 1, 2019 to October 1, 2020 providing liability coverage for property damage (the "Starr Policy").

8.

Apex submitted a claim to Starr Indemnity & Liability Company asking Starr to compensate Birla for the damage to Birla's product caused by mixing it with Apex's contaminated product. Starr denied coverage for Apex's claim based upon the Recall of Products, Work or Impaired Property contained in the Starr Policy.

9.

Starr misapplied the Recall of Products, Work or Impaired Property exclusion causing Apex to incur significant damage and expend necessary costs. Due to Starr's error, Apex was forced to pay for the damage to Birla's product caused by Apex's contaminated product.

10.

There is no doubt about, and no reasonable basis to dispute the fact, that the Starr Policy provided coverage to Apex for Apex's liability to Birla in this situation. And yet, Starr has failed to comply with its obligations under the Starr Policy, and as such, is in breach of contract of insurance, and is liable for all resulting damages. Starr's actions in denying coverage for the subject claim are arbitrary, capricious, or without probable cause.

11.

Pursuant to La. R.S § 22:1892, Starr was obligated to pay the liability claim regarding Birla's damaged product within thirty (30) days of receipt of proof of loss and such failure was arbitrary, capricious, or without probable cause. Starr has not made any payments towards Birla's loss, forcing Apex to cover the damage. Because Starr's failure to pay the amount owed under the policy was arbitrary, capricious, or without probable cause, Starr is liable for all amounts due under the Starr Policy, as well as for attorneys' fees and costs, and a statutory penalty equal to 50% of

the amount found to be owed.

12.

Pursuant to La. R.S. § 1973(A), Starr owed Apex a duty of good faith and fair dealing and had an affirmative duty to adjust any claims fairly and promptly and to make a reasonable offer to settle. Because Starr has breached those duty, Starr is liable to Apex for all damages because of Starr's breach of the duty of good faith and fair dealing.

13.

Pursuant to La. R.S. § 1973, Starr breached its duty of good faith and fair dealing and its affirmative duty to adjust any claims fairly and promptly when it failed to pay the liability claim within sixty (60) days of receipt of satisfactory proof of loss. Because Starr has breached those duty, Starr is liable to Apex for all damages as a result of its breach. As a result, and pursuant to La. R.S. 1973, Starr is liable for penalties in the amount of two times the damages sustained by Apex.

**PRAYER FOR RELIEF**

14.

**WHEREFORE**, Apex prays for judgment against Starr as follows:

1. For the full amount of the policy benefits owed under the Starr Policy that Apex was forced to pay due to Starr's misapplication of an exclusion;

2. For all consequential damages to be proven at trial;

3. For all damages sustained and statutory penalties pursuant to La. R.S. § 22:1982.

4. For all damages sustained and statutory penalties pursuant to La. R.S. § 22:1973;

5. For attorneys' fees and costs;

6. For expert fees and costs;

7. For mitigation, investigation, and other costs and expenses;

8. For all legal interest;

9. For punitive and/or treble damages; and

10. For all such other and further relief as this Court may deem just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

15.

Apex hereby requests a jury trial.

Respectfully submitted,

*/s/ Christopher R. Teske*
Christopher R. Teske (#27106)
Lindsey M. Soboul (#36680)
PIPES | MILES | BECKMAN, LLC
1100 Poydras Street, Suite 1800
New Orleans, Louisiana 70163
Telephone: (504) 322-7070
Facsimile:  (504) 322-7520
cteske@pipesmiles.com
lsoboul@pipesmiles.com

*ATTORNEYS FOR APEX OIL COMPANY*